UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DALTON MCGUE, | : | Case No. 1:14-cv-162 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KINGDOM SPORTS CENTER, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**(Doc. 23)**

This civil action is before the Court on Defendant's motion to dismiss (Doc. 22), and the parties' responsive memoranda (Docs. 24, 25).

## I. FACTS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff alleges that on or about April 30, 2011, he incurred both internal and external injuries at a recreation center owned and operated by Defendant. (Doc. 22 at ¶ 9). Plaintiff maintains that the injuries that he sustained were serious and permanent and caused him great physical pain and mental anguish. (*Id.*)

Defendant moves to dismiss the amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III.    ANALYSIS

Defendant contends that Plaintiff's amended complaint does not contain any factual allegations upon which relief can be granted.  (Doc. 23 at 2).  The Court agrees.

Plaintiff failed to allege a single fact in support of his claims for relief.  Specifically, the amended complaint does not set forth any facts asserting how Defendant negligently and recklessly maintained its premises or how Plaintiff was injured on the premises.  The amended complaint simply asserts legal declarations to this effect.  Accordingly, the Court is unable to determine what events occurred at the recreation center that led to Plaintiff's unspecified injuries.

Plaintiff maintains that Defendant should already know the facts of the case because the parties engaged in discovery, including depositions in the underlying state court action.[1]  (Doc. 24 at 2).  However, "matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss."  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).  Therefore, Plaintiff's argument that the facts have already been alleged in another court is irrelevant to the pending motion to dismiss.

---

[1]  Plaintiff voluntarily dismissed the state court action pursuant to Ohio Civ. R. 41(A)(1) and refiled the instant action before this Court.

Therefore, the amended complaint fails to satisfy the pleading requirements imposed by Fed. R. Civ. P. 8(a).

## IV.  CONCLUSION

Accordingly, for these reasons, Defendant's motion to dismiss (Doc. 23) is **GRANTED**.  Pursuant to Fed. R. Civ. P. 15(a)(2), the Court *sua sponte* grants Plaintiff leave to amend the complaint within **21 days** of the date of this order.  Failure to timely amend the complaint will result in dismissal of this civil action.

**IT IS SO ORDERED**.

Date:  9/15/14                                                                     *s/ Timothy S. Black*
                                                                                                Timothy S. Black
                                                                                                United States District Judge