UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DALTON MCGUE, | : | Case No. 1:14-cv-162 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| KINGDOM SPORTS CENTER, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S PUNITIVE DAMAGES CLAIM (Doc. 31)**

This civil action is before the Court on Defendant's motion to dismiss Plaintiff's

punitive damages claim (Doc. 31) and the parties' responsive memoranda (Docs. 32, 33).

## I.   FACTS AS ALLEGED IN THE SECOND AMENDED COMPLAINT

For purposes of this motion to dismiss, the Court must: (1) view the complaint in

the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as

true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff's second amended complaint sets forth the following allegations:

6. That on or about April 30, 2011, Defendant KINGDOM SPORTS CENTER, INC. negligently, recklessly and intentionally maintained said premises in a manner that permitted a dangerous condition to exist on said property.

7. Specifically, Plaintiff DALTON MCGUE alleges Defendant KINGDOM SPORTS CENTER, INC. owed Plaintiff DALTON McCUE [sic] a duty to place the T-Rex 66 side court basketball hoop and backboard system in a proper position such that:

   (i)   The support system should have been placed at least eight feet behind the plane of the backboard face and at a height of seven feet or more above the floor;

   (ii)   The distance between the baseline and the basketball hoop and backboard support system should have been placed a minimum of four feet beyond the baseline;

   (iii)  Clearances and setbacks were not created and did not provide a safety "buffer zone";

   (iv)   The backstop in place by Defendant KINGDOM SPORTS CENTER was almost three feet closer to the court than allowed by industry standards for organized basketball games.

8. In short, the basketball court, and specifically, placement of the goal, was unreasonably dangerous and reckless, and said placement of the goal constituted a hazard that Defendant KINGDOM SPORTS CENTER knew or should have known about. . . .

10. That Defendant KINGDOM SPORTS CENTER, INC. failed to warn business invitees, including Plaintiff DALTON MCGUE, of said dangerous condition.

11. That as a direct, proximate and legal cause of Defendant KINGDOM SPORTS CENTER, INC. negligence, recklessness and intentional conduct as aforedescribed, Plaintiff DALTON MCGUE was injured on the aforedescribed premises and was seriously and permanently injured in and about various parts of his body, both internally and externally, and suffered great physical pain and mental anguish.

(Doc. 29 ¶¶ 6-8, 10, 11).

In addition to compensatory damages, litigation costs, attorney and expert witness fees, and any other relief to which he may be entitled, Plaintiff seeks punitive damages. (*Id.* at 4).[1]

---

[1] Plaintiff alleges that "Defendant KINGDOM SPORTS CENTER, INC. owed Plaintiff DALTON McCUE [sic] a duty to not act in a wanton, willful, and grossly negligent, reckless or intentionally harmful manner, and Defendant KINGDOM SPORTS CENTER, INC. breached this duty."  (Doc. 29 at ¶ 17).

## II.    STANDARD OF REVIEW

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

3

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

## III.    ANALYSIS

Defendant moves the Court to dismiss Plaintiff's punitive damages claim. (Doc. 31).[2] Defendant argues that this claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to allege any facts to support the conclusion that Defendant's conduct rose above the level of ordinary negligence and to the level of recklessness, intentional acts, wilful and wanton behavior or gross negligence. Instead, Defendant argues, Plaintiff sets forth mere legal allegations.

Ohio Rev. Code § 2315.21(C) provides that punitive damages may be awarded in tort actions in which the plaintiff proves actual damages and the defendant's actions or omissions demonstrate malice.

> The actual malice necessary for punitive damages is "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty* (1987), 32 Ohio St.3d 334, 336, 512 N.E.2d 1174. "[A]ctual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross." *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 37, 543 N.E.2d 464.

*Barker v. Netcare Corp.*, 147 Ohio App. 3d 1, 15, 768 N.E.2d 698 (10th Dist. 2001).

---

[2] Defendant acknowledges that Plaintiff's factual allegations are sufficient to sustain a cause of action for negligence. (*See* Doc. 31 at 3).

In his second amended complaint, Plaintiff alleges that Defendant negligently, recklessly and intentionally maintained its premises manner that permitted a dangerous condition to exist and caused Plaintiff injury. (Doc. 29 at ¶¶ 6, 11). Specifically, Plaintiff alleges that Defendant placed the basketball hoop and backboard system in a manner that created a hazard and Defendant knew or should have known of the hazard. (*See* Doc. 29 ¶¶ 7-8). [3] Accepting these factual allegations as true, and making all reasonable inferences from them in Plaintiff's favor, the Court finds that Plaintiff's allegations are sufficient to state a plausible claim for entitlement to punitive damages.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the punitive damages claim (Doc. 31) is **DENIED**.

**IT IS SO ORDERED**.


Date:  12/5/14                                                          *s/ Timothy S. Black*
                                                                       Timothy S. Black
                                                                       United States District Judge

---

[3] In its reply memorandum, Defendant notes that the terms "willful," "wanton," and "reckless" have distinct meanings under Ohio law, which are significantly different from the meaning of "negligence." *Compare Anderson v. Massilon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266 (defining the terms "willful," "wanton," and "reckless"), *with Cleveland, C. & C. R. Co. v. Terry*, 8 Ohio St. 570 (1858) (describing the concept of negligence). Defendant argues that an action for a failure to warn, based on an allegation that the defendant "knew or should have known" specific facts, sounds in negligence and that such an allegation does not state a cause of action for intentional, willful, or reckless conduct or give rise to punitive damages. (Doc. 33 at 2). However, where a fact finder could reasonably infer from the underlying factual allegations that Defendant acted with malice, Plaintiff has plausibly stated a claim for punitive damages. *See Iqbal*, 556 U.S. at 678.